UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| QUINCY THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:18-cv-405-NCC |
| ) | |
| ST. LOUIS CITY WORKHOUSE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Quincy Thomas for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion. In addition, the Court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement showing an account balance of $-243.37. The Court will therefore not assess an initial partial filing fee at this time.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to, *inter alia*, draw upon judicial experience and common sense. *Id.* at 679.

*Pro se* complaints are to be liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, they still must allege sufficient facts to support the claims alleged. *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004); *see also Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980) (even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone*, 364 F.3d at 914-15. In addition, giving a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted

so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is an inmate at the St. Louis County Justice Center. He brings this action pursuant to 42 U.S.C. § 1983 against the St. Louis City Workhouse, where he was previously incarcerated. He alleges that the St. Louis City Workhouse lacked a law library, leaving him unable to educate himself about the charge against him. He also alleges that he and other inmates were housed in unsanitary and undesirable conditions. He seeks monetary and injunctive relief.

## Discussion

The only named defendant is the St. Louis City Workhouse. However, a department or subdivision of local government, like the St. Louis City Workhouse, cannot be sued under 42 U.S.C. § 1983. *Ketchum v. City of West Memphis, AR.*, 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such"). Therefore, plaintiff's claims are legally frivolous and subject to dismissal. *See Ballard v. Missouri*, No. 4:13CV528 JAR, 2013 WL 1720966, at *3 (E.D. Mo. April 22, 2013) (holding that "[p]laintiff's claims against the City of St. Louis Department of Public Safety, the St. Louis County Justice Center, the City of St. Louis Justice Center, and the St. Louis City Workhouse are legally frivolous because these defendants are not suable entities").

Even if plaintiff had named the City of St. Louis as a defendant, the complaint as pled would not state a claim of municipal liability because plaintiff does not allege that the constitutional violations resulted from an official municipal policy, an unofficial custom, or a

deliberately indifferent failure to train. *See Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 690-91 (1978); *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989).

The complaint is also subject to dismissal because it fails to state any viable claims. It fails to state a claim under the First Amendment because there are no allegations that the lack of a library or other resource deprived him of some specific opportunity to defend himself, or advance a viable legal claim, in any criminal or civil action. *See Sabers v. Delano*, 100 F.3d 82, 84 (8th Cir. 1996) (*per curiam*) (citing *Lewis v. Casey*, 518 U.S. 343 (1996)). Finally, the complaint fails to allege sufficient facts to state a claim of deliberate indifference under the Fourteenth or Eighth Amendment, *see Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), and plaintiff purports to bring claims on behalf of other inmates, which is impermissible. *See* 28 U.S.C. § 1654.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 16th day of March, 2018.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE